```
              IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF KANSAS
```

**MILTON GILMORE LEE,**

            **Petitioner,**

        **v.**                              **CASE NO.  14-3089-SAC**

**STATE OF KANSAS,**

            **Respondent.**

## NOTICE AND ORDER TO SHOW CAUSE

**TO PETITIONER MILTON GILMORE LEE:**

Petitioner Milton Gilmore Lee is hereby required to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why this action should not be dismissed for failure to exhaust state court remedies.

**I.  Nature of the Matter before the Court**

This pro se petition for writ of habeas corpus was filed pursuant to 28 U.S.C. § 2254 by a state inmate. Petitioner has also filed a Motion to Proceed in forma pauperis supported by the requisite financial information, which shall be granted.

Mr. Lee seeks to challenge his jury conviction in Shawnee County District Court, Case No. 13-CR-110, of one count of Criminal Threat and one count of Assault. He was sentenced on February 21, 2014. The sole claim he asserts is "double jeopardy." As facts in support, he alleges that he "cannot be

1

punished for both" assault and criminal threat because "all the elements of assault . . . are identical to some of the elements of criminal threat" and "assault is a lesser included offense of criminal threat."[1]  He describes assault by referring to 21-5412(a)[2] and as "placing another person in reasonable apprehension of immediate bodily harm." He describes criminal threat by referring to 21-5415(a)[3] and as "place another in fear."  Having examined the materials filed, the court finds that this action is subject to dismissal without prejudice because petitioner fails to show that he fully and properly exhausted state court remedies prior to filing this federal petition.

## II. Screening

---

[1]   "Multiplicity is the charging of a single offense in several counts of a complaint or information." *State v. Gomez*, 143 P.3d 92, 94 (Kan.App. 2006).  Multiplicity "creates the potential for multiple punishments for a single offense in violation of the Double Jeopardy Clause." *Id.*

[2]   K.S.A. 21-5412(a) currently provides: "Assault is knowingly placing another person in reasonable apprehension of immediate bodily harm."

[3]   K.S.A. 21-5415(a) currently provides in pertinent part:

(a) A criminal threat is any threat to:

   (1) Commit violence communicated with intent to place another
   in fear, or to cause the evacuation, lock down or disruption
   in regular, ongoing activities of any building, place of
   assembly or facility of transportation, or in reckless
   disregard of the risk of causing such fear or evacuation,
   lock down or disruption in regular, ongoing activities . . .
   .

Under Rule 4 of the Rules Governing Section 2254 Cases, 28 U.S.C.A. foll. § 2254 (HC Rule 4), the assigned judge is required to review a habeas petition upon filing and to sua sponte dismiss the petition without ordering a responsive pleading "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court. . . ." *Id.*; *Mayle v. Felix*, 545 U.S. 644, 655 (2005); see also *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

**III. Discussion**

"A state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). It is the petitioner's burden to prove that he fully exhausted all available state court remedies prior to filing his petition in federal court.[4] Generally, the exhaustion prerequisite is not satisfied unless all claims asserted have been presented by "invoking one complete round of the State's established appellate review process." *Id.* at 845. This means that each claim must have been "properly presented"

---

[4]   28 U.S.C. § 2254(b)(1) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that - (A) the applicant has exhausted the remedies available in the courts of the State. . . .

3

to "the highest state court, either by direct review of the conviction or in a post-conviction attack." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10${}^{th}$ Cir. 1994). It has long been established that a § 2254 petition containing federal claims which have not been exhausted in state court must be dismissed. *See Rose v. Lundy*, 455 U.S. 509, 513-20 (1982).

Mr. Lee attempted to obtain federal court review of his double jeopardy claim in a prior action, *Lee v. State of Kansas*, Case No. 14-3055-SAC (May 21, 2014)(Doc. 4). Therein, he argued that he had exhausted the available state court remedies by having filed an "original action" under Sup.Ct.Rule 9.01[5] directly in the Kansas Supreme Court (KSC). The court rejected this argument holding that this extraordinary procedure did not amount to full and proper exhaustion. Mr. Lee was ordered to "show how he properly proceeded through the state courts" on his double jeopardy claim. *Id.* (Doc. 3) at 3. However, he failed

---

[5] Rule 9.01(b) provides:

> An appellate court ordinarily will not exercise original jurisdiction if adequate relief appears to be available in a district court. If relief is available in the district court, a petition must state--in addition to all other necessary allegations--the reason why the action is brought in the appellate court instead of in the district court. If the appellate court finds that adequate relief is available in the district court, it may dismiss the action or order it transferred to the appropriate district court. A dismissal under this subsection is not an adjudication on the merits.

Petitioner does not establish that this was the proper procedure for his claim as he alleges no facts showing that "adequate relief" was not "available in the district court" or that the KSC's dismissal of this action was an adjudication on the merits.

4

to respond to the court's order, and his prior action was dismissed for failure to prosecute. *Id.* In the instant action, Mr. Lee raises the same "double jeopardy" claim and makes the same allegation that he satisfied the exhaustion prerequisite by filing a Rule 9.01(b) petition directly in the KSC that was denied. He simply ignores the court's prior ruling that this filing did not amount to full and proper exhaustion. Generally, when a petitioner disagrees with a court ruling, his recourse is to appeal. Petitioner did not follow through with the action and appeal or respond in any way. Mr. Lee's repetitive arguments regarding exhaustion might be disregarded under principles of res judicata.

Even if the court were authorized to "reconsider" Mr. Lee's arguments by way of this repetitive action, it would hold that his allegations still fail to show either full and proper exhaustion or that regular state court remedies were unavailable or ineffective for his particular claim. Petitioner presents no new, adequate facts showing that his filing a Rule 9.01 petition directly in the KSC, rather than the usual Notice of Appeal of his criminal conviction in the Kansas Court of Appeals (KCA), amounted to proper and full exhaustion. His allegation that his "presentence" motion for dismissal based on double jeopardy was denied by the trial court does not suggest that other remedies were unavailable. His bald allegation that he "had no other

5

relief before being placed in double jeopardy" also fails to demonstrate that the normal state court remedies of direct appeal and state post-conviction proceedings pursuant to K.S.A. 60-1507 were unavailable. Mr. Lee was tried and convicted once and was not facing a second prosecution for the same offenses absent a favorable ruling upon his double jeopardy claim. While the double jeopardy clause protects the criminal defendant from multiple punishments for the same offense, *Brown v. Ohio*, 432 U.S. 161, 165 (1977); petitioner's claim that he was tried and convicted on two charges that were multiplicious is one that can and must be presented through the direct appeal process.[6]

Despite petitioner's repetitive arguments, the court finds that review of his double jeopardy claim remains subject to dismissal for failure to exhaust. Mr. Lee alleges in his new petition that he has appealed his conviction to the KCA but the case has "not been docketed yet." Since his direct appeal is pending in state court at this time, it is clear that he has not

---

[6] Kansas appellate courts have considered multiplicity claims for the first time on appeal and in motions under K.S.A. 60-1507. See e.g., *id.*; *Brown v. State,* 269 P.3d 886 *(*Kan.App. 2012). "When a defendant is convicted of violations of multiple statutes arising from the same course of conduct, the test to determine whether the convictions violate (double jeopardy) is the same-elements test: Whether each offense requires proof of an element not necessary to prove the other offense. *State v. Potts*, 281 Kan. 863 (Kan. 2006). "If so, the charges stemming from a single act are not multiplicitous and do not constitute a double jeopardy violation." *Id.* Petitioner alleges no facts whatsoever in his federal petition to establish that his two offenses arose from the "same act" or course of conduct. Nor does he plainly present the elements of each offense and demonstrate that each did not require proof of an element not necessary to prove the other. Had he presented a factual basis for his claim, the court would express no opinion as to its merits.

fully exhausted all available state court remedies and that this action is subject to dismissal as a result.

Finally, the court notes that in addition to release, petitioner seeks "compensation." Compensation is not a proper remedy in a federal habeas corpus action.

**IT IS THEREFORE BY THE COURT ORDERED** that petitioner's Motion to Proceed in forma pauperis (Doc. 2) is granted.

**IT IS FURTHER ORDERED** that petitioner is granted thirty (30) days in which to show good cause, in writing, to the Honorable Sam A. Crow, United States Senior District Judge, why this action should not be dismissed, without prejudice, for failure to exhaust state court remedies.

**IT IS SO ORDERED.**

Dated this 14th day of July, 2014, at Topeka, Kansas.

David J. Waxse
**DAVID J. WAXSE**
U.S. Magistrate Judge